IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM LOKAY,                    )
                                  )
                Plaintiff,        )
                                  )
     v.                           )
                                  ) Civil Action No. 10-470
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                Defendant.        )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 5th day of July 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 12) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, denied. This case will be remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Commissioner determines that a claimant is not disabled within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed an SSI application on February 7, 2007, and a DIB application on March 2, 2007, alleging disability beginning December 10, 2005, due to an infection on his left lung. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 5, 2009, at which plaintiff, who was represented by counsel, appeared and testified. On February 3, 2009, the ALJ issued a decision finding that plaintiff is not

⬥AO 72
(Rev. 8/82)

- 2 -

disabled. The Appeals Council denied plaintiff's request for review on March 10, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has past relevant work experience as a warehouse worker, forklift operator and cabinet maker, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and receiving his testimony at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of hepatitis C, chronic chest wall pain and restrictive lung disease secondary to surgical adhesions, diabetes mellitus and osteoarthritis, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ also found that plaintiff retains the residual functional capacity[1] to perform a full range of light work (the

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

"RFC Finding"). The ALJ then concluded that plaintiff could not perform his past work, but his vocational factors and residual functional capacity permit him to make an adjustment to other work that exists in significant numbers in the national economy such as a furniture parts and stock inspector, finish stock inspector and hardware assembler. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and

residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

Plaintiff argues that the ALJ erred in finding him not disabled at step 5 of the sequential evaluation process. In particular, plaintiff alleges that the ALJ erred by omitting certain non-exertional functional limitations from the RFC Finding. The court agrees and concludes that this case must be remanded to the Commissioner for additional development at step 5 of the sequential evaluation process.

In his decision, the ALJ stated that he gave substantial weight to the opinion of Dr. Gregory Mortimer, a state agency physician, who reviewed plaintiff's medical records and completed a physical residual functional capacity assessment. (R. 425-31). The ALJ stated in his decision that Dr. Mortimer concluded plaintiff "can perform work at the light level." (R. 13). The ALJ inaccurately characterized Dr. Mortimer's opinion of plaintiff's physical capabilities. Dr. Mortimer actually found that plaintiff can perform light work with certain non-exertional limitations. Specifically, Dr. Mortimer determined that plaintiff was limited to only occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps, stairs, ladders, ropes and scaffolds. (R. 427). In addition, Dr. Mortimer found that plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases and poor ventilation, and he must avoid all exposure to hazards such as machinery and heights. (R. 428).

Although the ALJ gave substantial weight to Dr. Mortimer's opinion, he failed to incorporate in the RFC Finding the non-exertional limitations which Dr. Mortimer identified. Moreover, the ALJ failed to explain why he supposedly gave substantial weight to Dr. Mortimer's opinion, yet apparently rejected the non-exertional limitations relating to postural movements, exposure to fumes, dust and the like, and exposure to hazards such as heights and machinery. Although the ALJ is free to reject certain evidence, he must give some indication of his reasons for doing so. Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). Without such explanation, this court is left to guess why the ALJ rejected certain aspects of Dr. Mortimer's opinion. For this reason, the case must be remanded so that the ALJ can explain why he gave substantial weight to Dr. Mortimer's opinion, yet failed to include in the RFC Finding the non-exertional limitations Dr. Mortimer identified. If the ALJ determines that he should have adopted those non-exertional limitations, he shall factor them into his assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain vocational expert testimony to complete his analysis of plaintiff's case.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the

AO 72
(Rev. 8/82)

Commissioner for further proceedings consistent with this Memorandum Judgment Order.

／s／ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219